Toledo, Peoria & Warsaw Railway Company

*v.*

Frank Webster.

1. Pleading—*objection to declaration after verdict.* It has been held, that in an action against a railroad company to recover for injury resulting from the wrongful act, neglect or default of the company, the insufficiency of the declaration, in that it is not averred the railroad owned by the defendants and used by them, was used in the county and State in which the action was brought, can not be taken advantage of after verdict.

2. Venue—*in an action against a railroad company.* So in an action against a railroad company for injury to stock, it was *held,* upon a motion for a new trial and in arrest of judgment, it was not material that the plaintiff, in order to maintain his action, should have proven affirmatively the injury was done within the jurisdiction of the court.

Appeal from the Circuit Court of Iroquois county; the Hon. Charles H. Wood, Judge, presiding.

This action was brought by Webster against the railroad company, to recover the value of a colt and some hogs, the property of the plaintiff, alleged to have been killed on the defendants' road, by reason of their neglect to erect and keep in repair fences and cattle guards along their track. The plaintiff, to maintain his action, testified, in substance, as follows: Colt had been running out on the open prairie; found it in the ditch by the railroad, with one leg broken and hip out of place; was

dead when he discovered it; found marks where it had been shoved off the road into the ditch; colt was worth, before the injury, seventy dollars. Had four hogs injured by the railroad; two of them died; worth, before they were injured, ten dollars apiece; were worth, after the injury, only two or three dollars apiece. Road had been in operation eight years; was no town, city or village within two miles of where the accident happened, and no fence or public highway at that point; was in a settlement two miles from the town of Sheldon; was necessary that a fence should have been built to keep off stock.

John Webster testified: I saw the train knock the hogs off the track. It was in June before the suit was commenced. Saw the colt three or four days after it was killed; it was close to the track, and had the appearance of having been killed by the cars. Colt was worth seventy dollars. The hogs were common stock hogs.

Asa B. Roff testified: That the name of the company running the road was the Toledo, Peoria & Warsaw Railway Company. This was all the evidence offered in the case. Verdict for plaintiff for $100. Motion by defendants for new trial overruled. Motion in arrest of judgment overruled, and judgment rendered upon verdict, from which the defendants appeal.

Messrs. Bryan & Cochran, for the appellants.

There is an entire failure of the evidence to show that the injuries complained of occurred within the State of Illinois. This court has held a declaration, which omitted to aver this fact, as bad, on demurrer. *C. & R. I. R. R. Co.* v. *Morris*, 26 Ill. 402. As the remedy is statutory, and a recovery can only be had where there is a failure to fence, and a consequent injury occurs on the line of a railroad lying within the borders of this State, these are material facts, and should be affirmatively proven. The jury have no right to any inferences on the subject of the location and terminal points of a railroad, and the mere fact that an injury may have happened on defendants'

railroad, will not warrant the jury in presuming that it so happened within the State, and therefore within the jurisdiction of the court.

Messrs. BLADES & KAY, for the appellee.

The only point that seems to be relied on to reverse the judgment is, that the evidence fails to show that the injuries complained of occurred in the State of Illinois.

This court has decided, in *Ill. Cent. R. R. Co.* v. *Swearingen*, 33 Ill. 289, that the action is transitory.

The action being transitory, the venue need not be proved. *Owen* v. *McKean*, 14 Ill. 459.

But, if tenable at all, the objection must be raised by demurrer, if no venue be averred, or made at the trial as ground of nonsuit.    1 Chit. Pl. 278.

The law is well settled, that if the objection was not taken or persisted in upon the trial, it can not be taken here, where the objection is of such a nature that it might have been removed by further evidence.    *Harmon et al.* v. *Thornton*, 2 Scam. 357.

The case cited by the counsel for the appellants does not sustain their position.    There the question was as to the sufficiency of the declaration; and it was held, that the objection could not be raised after verdict.

Per CURIAM:    On the authority of the case of *C. & R. I. R. R. Co.* v. *Morris*, 26 Ill. 402, the objection of a want of venue can not be taken advantage of after verdict.    The proof insisted on by appellants was not material.    The evidence sustains the verdict, and the judgment must be affirmed.

*Judgment affirmed.**

*The cases of TOLEDO, PEORIA & WARSAW RAILWAY COMPANY *v.* JOHN C. FRY, SAME *v.* DAVID D. TULLIS and SAME *v.* DAVID EASTBURN, rest on the same point as the preceding case, and the same judgment of affirmance is rendered.